# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-229-MOC-DCK

| | |
|---|---|
| ANN WHITE, | ) |
|     Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CONCENTRA URGENT CARE, | ) |
|     Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Concentra Health Services' Motion To Dismiss Plaintiff's Complaint" (Document No. 5). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

*Pro se* Plaintiff Ann White ("Plaintiff") filed her "Complaint For Damages; Tortious Discharge N Violation Of Public Policy; Violation Of Labor Codes; Intentional Infliction Of Emotional Distresses; Punitive Damages" (Document No. 1-2) ("Complaint") on or about April 7, 2011, in the Superior Court of Mecklenburg County, North Carolina.

On May 10, 2011, Defendant Concentra Health Services, Inc. ("Defendant") filed a "Notice Of Removal" (Document No. 1).[1] On June 16, 2011, Defendant filed its pending "...Motions To Dismiss..." (Document No.5), along with a "Memorandum In Support ..." (Document No. 6). Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

---

[1] Defendant states that it was erroneously identified in the Complaint as "Concentra Urgent Care." (Document Nos. 1 and 5).

12(b)(6). (Document Nos. 5-6).

On June 29, 2011, the Court issued an Order *sua sponte* granting Plaintiff an extension of time to July 8, 2011, to file a response to the pending "...Motion To Dismiss..." and instructing Plaintiff as follows:

> In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that she has a right to respond to Defendant's motion. The Court also advises Plaintiff that failure to respond may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint.

(Document No. 7).

Plaintiff has failed to file a timely response to the pending motion, or to otherwise appear in this lawsuit since it was removed to this Court. As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Document Nos. 5-6). Specifically, Defendant asserts that Plaintiff's first two causes of action rely on inapplicable California law, and fail to cite any North Carolina law. (Document No. 5). Defendant argues that in North Carolina, an employment relationship is presumed to be "at-will" and does not generally give rise to an action for wrongful discharge. (Document No. 6, p.5). The public policy exception requires that for an alleged violation of public policy to form the basis for a wrongful termination claim, the policy must be expressly stated in North Carolina statutory or constitutional law. (Document No. 6, p.6). Plaintiff here has failed to identify a violation of public policy under North Carolina law.

In addition, neither Plaintiff's bare factual assertion that she raised "concerns of the customer and back office procedures of the office," and/or made "a complaint or suggestion to her employer"

3

are sufficient to state a plausible claim.  (Document No. 1-2).  Likewise,  Plaintiff's third cause of action for intentional infliction of emotional distress fails to identify any conduct that would rise to the level of the extreme outrageous and egregious conduct necessary to support such a claim under North Carolina law.

The undersigned finds Defendant's arguments to be persuasive and well-supported. Moreover, the undersigned does not find that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" or "enough facts to state a claim to relief that is plausible on its face."  Iqbal, 129 S.Ct. at 1949, 1960. Even liberally construing the *pro se* litigant's Complaint, as the Court should, the undersigned does not find sufficient facts, or legal authority, to support Plaintiff's claims.

Based on Defendant's arguments, and Plaintiff's failure to respond, the undersigned concludes that Plaintiff has not plausibly alleged violations of federal law and rights, and therefore, dismissal of this action is appropriate.  See (Document No. 6).

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Concentra Health Services' Motion To Dismiss Plaintiff's Complaint" (Document No. 5) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)** days of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with

the District Court constitutes a waiver of the right to *de novo* review by the District Court.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  <u>Diamond</u>, 416 F.3d at 316;  <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989);  <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff by certified U.S. Mail.

**IT IS SO RECOMMENDED**.

Signed: July 18, 2011

_____
David C. Keesler
United States Magistrate Judge